IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, <br> # 1047716, <br><br> Plaintiff, <br><br> v. <br><br> FNU LNU, <br><br> Defendant. | § § § § § § § § § § § | No. 3:24-cv-01071-N (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and Texas prisoner Demarcus Kenard Joe filed a document in which he, among things, requests payments from "the bankruptcy courts." ECF No. 3 at 1. The filing has been construed as a civil action. Joe neither paid the statutory filing fee nor moved for leave to proceed *in forma pauperis* (IFP). For the following reasons, the Court should summarily dismiss this construed civil action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Joe pays the full filing fee of $405.00.

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Joe is subject to § 1915(g)'s "three-strikes" bar. *See Joe v. Richardson*, 2018 WL 5259656, at *1-2. (N.D. Tex. Sept. 17, 2018) (recounting Joe's strikes), *rec. accepted* 2018 WL 5258576 (N.D. Tex. Oct. 22, 2018); *Joe v. Hegar*, 2020 WL 1942140 (N.D. Tex. Mar. 27, 2020), *rec. accepted* 2020 WL 1940283 (N.D. Tex. Apr. 21, 2020) (same, and recommending dismissal under § 1915(g)).

Because Joe has accumulated three strikes, § 1915(g) precludes him from proceeding IFP unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O' Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Joe has not alleged that he is in imminent danger of serious physical injury, and there is no basis to infer imminent danger from his pleadings. He is therefore barred from proceeding IFP under § 1915(g).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation, or by some other deadline established by the Court, Joe pays the full filing fee of $405.00.

SO RECOMMENDED,

Dated May 23, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).